IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| COMMONWEALTH CONSTRUCTION CO., INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>JAMES T. REDDING, INC., a Maryland corporation a/k/a JTR, INC., a/k/a JTR CONSTRUCTION, INC., a/k/a JTR FINISHING CONTRACTORS, and JAMES T. REDDING and DIANA FORD, Individuals,<br><br>Defendants. | C.A. No.: 12-1344 MPT |

## PLAINTIFF'S MOTION TO AMEND THE COMPLAINT

COMES NOW Plaintiff Commonwealth Construction Co., Inc. ("CCC"), by and through its undersigned attorneys, and moves this Court for leave to amend its Complaint and offers the following in support thereof:

1. CCC filed this action against several different entities. Each of the "a/k/a" entities were identified in various places in written correspondence for the construction project that is the subject matter of this litigation. Defendant James T. Redding, Inc. was named because it was the only actual entity in existence that CCC could identify.

2. The contract under which the work at issue was performed was between CCC and "JTR Finishing Contractors" (see, D.I. Notice of Removal, Attachment A, Exhibit A thereto), however, no such entity exists, nor ever existed. James T. Redding signed the contract without any notice to CCC that the entity was a trade name and as such, signed as an agent for a non-existent entity making him personally responsible for the obligations of the contract.

3.      Similarly, JTR Construction, Inc., the heading used on correspondence with CCC attached to the contract (Id. at Exhibit A) and elsewhere throughout the project, including at the signature block of certain letters, does not exist, nor ever existed.

4.      JTR, Inc. was the entity identified in applications for payment (Id. at Exhibit D), and to which payments were issued, however, while a "J.T.R., Inc." was formed in 1988 in Maryland, eight years prior to the time Mr. Redding started his own business, the entity status is "Forfeited" and regardless, upon information and belief, is a wholly unrelated business. Therefore payments were requested by Mr. Redding (Id. at Exhibit D) and paid to Mr. Redding, as well as requested by Diana Ford, identified as Vice President of JTR, Inc. (Id.), and presumably paid to Mr. Redding also.

5.      The Defendants contend through discovery responses that the proper defendant in this matter is James T. Redding, Inc., doing business as JTR, Inc.  However, as to James T. Redding, Inc., while the company was in good standing at the time the original Complaint was filed in this action on October 16, 2011 (Exhibit A hereto), the corporate status has since been forfeited (Exhibit B hereto).  Counsel for James T. Redding, Inc. has advised this Court during a scheduling teleconference that the entity is on the verge of bankruptcy.

6.      The contract amount with JTR Finishing Contractors was $277,000.  CCC paid a total of $181,785 on the Subcontract to "JTR, Inc." (i.e., Mr. Redding), leaving 95,215 to finish the project, assuming that payment had been passed through to all of the subcontractors and vendors, however, this was not the case.  CCC was forced to pay $135,000 to one of Mr. Redding's drywall subcontractors, plus $5,436 to other vendors plus costs of $156,255 to finish the work.  Mr. Redding therefore accepted funds grossly in excess of the work performed, and failed to pass payment through.

7. Even if the Court finds that James T. Redding, Inc. was the contracting party, the fact that the entity is now allegedly insolvent indicates that funds were siphoned by Mr. Redding.

8. CCC seeks to amend the Complaint to add claims against Mr. Redding personally on the basis of his signature to the contract on behalf of a non-existent entity, his request and acceptance of funds and through piercing the corporate veil of James T. Redding, Inc. since Mr. Redding solely controls the activities of the business, the business is undercapitalized and insolvent, corporate formalities were not observed, the entity is not separate and distinct from Mr. Redding, the free use of fictitious names and Mr. Redding seizing on "James T. Redding, Inc." as the contracting party notwithstanding he never identified that entity during the course of the work, demonstrates that all are simply alter egos for Mr. Redding. It would be fundamentally unfair to allow Mr. Redding to hide behind the corporate form. (Note that Mr. Redding and Diana Ford were previously dismissed from the case. The original claims against these individuals were based their sworn certifications that work had been performed commensurate with the amount billed and that payment had been passed through to subcontractors. Based on a prior ruling of this Court, the individuals were dismissed. The claims subject to the instant requested amendment differ).

9. The final basis for amendment is that the funds paid by CCC were to be held in trust for the payment of subcontractors and suppliers according to 6 Del. C. §3501 et. seq., therefore, the insolvency of James T. Redding Inc. evidences an improper and fraudulent transfer of funds which CCC is entitled to avoid under 6 Del. C. §1307.

10. CCC seeks leave to amend the Complaint according to the form attached at Exhibit C showing amendments. A clean version of the proposed Second Amended Complaint is at Exhibit D.

11. Under F.R.C.P. Rule 15(a)(2), leave to amend shall be freely given where justice requires. James T. Redding and James T. Redding, Inc. will not be prejudiced since James T. Redding, Inc. has been defending this action since inception and as the sole owner and office of the entity, James T. Redding has presumably controlled that defense. Mr. Redding has appeared for deposition and mediation and is aware of the nature of the claims.

WHEREFORE, Plaintiff Commonwealth Construction Company, Inc. seeks leave to file the Second Amended Complaint.

                                                              LOGAN & PETRONE, LLC

                                                              /s/   Victoria K. Petrone
                                                          Victoria K. Petrone, Esquire DE #4210
                                                          One Corporate Commons
                                                          100 W. Commons Blvd., Suite 300
                                                          New Castle, DE 19720
                                                          (302) 325-3555
                                                          (302) 325-3556 (fax)
                                                          vpetrone@loganllc.com

Date: January 31, 2013