## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

COMMONWEALTH CONSTRUCTION :
COMPANY, INC, :
 :
    Plaintiff, :
 :
  v. : C. A. No. 12-1344-MPT
 :
JAMES T. REDDING, INC. a/k/a JTR, INC. :
a/k/ JTR CONSTRUCATION, INC., a/k/a :
JTR FINISHING CONTRACTORS :
     Defendant. :

## MEMORANDUM ORDER

### I. Background

Plaintiff, Commonwealth Construction Co., Inc. ("CCC") moved on January 31,

2013 to amend its complaint,[1] in this action which was originally removed to this court

from the Superior Court of the State of Delaware on October 19, 2012.[2]  Defendant,

James T. Redding, Inc. ("JTR") opposes the motion.[3]  This Miller Act matter was related

to another Miller Act case.[4]  At the request of the parties, no scheduling order was

entered in the present matter to allow them to initially explore mediation, along with the

companion case.  Mediation in both cases was referred to Magistrate Judge Burke

which occurred on December 6, 2012.  Through Judge Burke's stellar efforts, the

companion matter settled;[5] however, the instant matter did not, and on January 15,

---

[1] D.I. 12.
[2] D.I. 1.
[3] D.I. 13.
[4] The parties in both cases consented to the jurisdiction of this magistrate judge under 28 U.S.C. § 636.
[5] A stipulation of dismissal has been filed in the related matter, *Rule 4 LLC v. Safeco Ins.*, 12-49-MPT.

2013, a scheduling order was entered.[6]  According to that scheduling order under paragraph 2, "all motions . . . to amend . . . the pleadings" were to be filed on or before January 31, 2013.  On that date, CCC filed the present motion under consideration seeking to add James T. Redding ("Redding") individually.  Attached to CCC's memorandum is a copy of the proposed amended complaint indicating how it differs from the pleading which it amends, along with a clean copy of the proposed amended complaint.[7]  JTR responded on February 20, 2013.  Counsel for CCC advised no reply memorandum would filed, and therefore, its speaking motion is ripe for decision.

## II.    Position of the Parties

CCC seeks to add Redding because he purportedly executed the contract between the parties by signing as an agent for a non-existent entity, thereby making him personally responsible for the obligations thereunder.  CCC further alleges its amendment adds claims based on Redding's conduct of requesting and accepting payments from CCC.  Because he solely controls the activities of the business, which allegedly is undercapitalized and insolvent, corporate formalities were ignored, resulting in the corporate entity as not being separate and distinct from him.  Such conduct, along with his purported "free use of fictitious names" and failure to identify the proper entity during the course of the work, justify piercing the corporate veil, making Redding personally liable for any contractual breach.  CCC maintains JTR was the entity identified in the applications for payment under the contract, and defendants, through discovery responses, assert the proper defendant is JTR, doing business as JTR, Inc.

---

[6] D.I. 11.
[7] The attachments as exhibits C and D are consistent with D. DEL. LR 15.1(b).

CCC contends Redding accepted funds grossly in excess of the work performed, and siphoned those funds from JTR, leading to its insolvency.  Because the funds paid by CCC to JTR and/or Redding were to be held in trust for the payment of subcontractors and suppliers under 6 DEL. C. §3501, *et. seq.*, and payment to such entities were not properly made, CCC was required to expend additional money, substantially in excess of the original contractual amount to JTR/Redding's subcontractors and vendors, after making full payment of the contract price to JTR/Redding.

In opposing the proposed amendment, JTR contends throughout its relationship with CCC, CCC was aware it was dealing with one entity, that is JTR.  It maintains the only reason for the amendment is to avoid JTR's impending bankruptcy.  JTR, however, admits that different trade names were used during the relationship, but regardless, all transaction allegedly occurred with one entity, a Maryland corporation known as James T. Redding, Inc.  Because CCC failed to raise the issue of the various names with JTR when applications for payment were requested, demonstrates its lack of any legitimate concern.  JTR's primary argument appears to rest on the contention that CCC should have move to amend earlier during discovery, specifically after JTR answered interrogatories.  Those responses purportedly demonstrate James T. Redding, Inc. d/b/a JTR, Inc. as the proper party.  Pointing to Redding's deposition taken in September 2012, JTR notes Redding testified he is the owner and president of JTR, and the subcontract at issue in the litigation was between CCC and JTR.  In response to accusations of siphoning company funds for his personal gain, JTR points to Redding's testimony that due to cost overruns, he lost money on the contract, and the applications for payment were not reflective of the actual higher costs incurred by JTR for the work

performed.[8]  JTR argues CCC's proposed amendment is purely to find a potential

funding source for any recovery by improperly re-injecting Redding as a defendant.[9]

## III.    Discussion

The court ordinarily considers motions to amend the pleadings under Rule 15(a)

which provides that leave shall be freely given "when justice so requires."  Although the

determination of whether to grant or deny a motion to amend is within the discretion of

the court, under *Foman v. Davis*,[10] the Supreme Court has instructed that leave to

amend should be freely granted "in the absence of . . . undue delay, bad faith or dilatory

motive on the part of the movant, repeated failure to cure deficiencies by amendments

previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of the amendment, etc."[11]

Generally, "[d]elay alone is not sufficient to justify denial of leave to amend."[12]

The more dispositive factor in determining whether leave should be granted is prejudice

to the non-moving party.[13]  In proving prejudice, the non-moving party "must do more

---

[8] The discovery referenced by JTR appears to have occurred while this matter remained in Superior Court since removal did not occur until October 19, 2012.
[9] Apparently when this action was originally filed and before removal to this court, Redding and another individual, Diana Ford, were defendants.  Both were subsequently dismissed from the case.  According to CCC, its original claims against these individuals "were based [on] their sworn certificates that work had been performed commensurate with the amount billed and that payment had been passed through to subcontractors."  CCC maintains the proposed claims against Redding subject to the present amendment differ from the previous allegations.
[10] 371 U.S. 178 (1962).
[11] *Foman*, 371 U.S. at 182.  *See also Arthur v. Maersk, Inc.*, 434 F.3d 196, 203 (3d Cir. 2006).
[12] *Arthur*, 434 F.3d at 204 (wherein the Third Circuit noted that "only one appellate court . . . has approved . . . denial of leave to amend based on a delay of less than one year."
[13] *Id.*

than merely claim prejudice; it must show that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the amendments been timely."[14]  Moreover, in assessing futility of a proposed amendment, the same standard of legal sufficiency as under Rule 12(b)(6) is applied.[15]  An amendment is futile when it fails to state a claim upon which relief may be granted.[16] The analysis is the same as under Rule 12(b)(6) in that all factual allegations and all reasonable inferences therefrom are accepted as true.  Under Rule 12(b)(6), the court does not and cannot weigh the facts, nor determine whether a party will ultimately prevail.[17]  "Only where it is clear to the court . . . that a claim has no possibility of succeeding on the merits, will the court disallow it by denying leave to amend."[18]

In addressing CCC's motion to amend, the court notes that in the scheduling order submitted by the parties for the Rule 16 scheduling conference, regarding joinder of parties and amendment to the pleading, the date January 31, 2013 was inserted.  As evidenced by the parties' agreement, which was subsequently ordered by the court unchanged as a result of the scheduling conference, the final day in January, 2013 was the last day such joinder and amendment could occur.  CCC's motion to amend was timely filed.  On that basis alone, the amendment is allowable.

---

[14] *Bechtel v. Robinson*, 886 F.2d 644, 652 (3d Cir. 1989) (citing *Heyl & Patterson Intern., Inc. v. F.D. Rich Housing of Virgin Islands*, 663 F.2d 419,426 (3d. Cir. 1981)); *Kiser v. Gen. Elec. Co.*, 831 F.2d 423, 427-28 (3d Cir. 1987).

[15] *See Shane v. Fauver,* 213 F.3d 113, 115 (3d Cir. 2000); *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997).

[16] *See In re Merck & Co., Inc.*, 493 F.3d 393, 400 (3d Cir. 2007).

[17] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982).

[18] *Agere Systems Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002).

To the extent JTR's arguments raise concerns under the elements in *Foman* that may warrant denial of a motion to amend, absent contentions that Redding's deposition testimony disputes the proposed allegations, and CCC's has unduly delayed in filing the motion, the court does not find any assertions or evidence that the proposed amendment would prejudice Redding.  The court must apply the principals of Rule 12(b)(6) in assessing the proposed amendment, requiring it to accept as true all factual allegations and all reasonable inferences.  Further, according to the recent scheduling order, discovery in this matter does not close until May 17, 2013, with a pretrial conference scheduled June 27, 2013, and a three day bench trial scheduled for late July 2013, thereby allowing sufficient time for Redding to explore discovery regarding the new allegations.  Moreover, as evidenced herein, Redding, as president and owner of a defendant, JTR, and having previously been a defendant in this matter, has had notice of this action since its initial filing.  As a result, the proposed amendment meets the requirements of Fed. R. Civ. P 15(c).  Therefore, CCC's motion to amend is granted.

## ORDER

At Wilmington, this **21st** day of **March, 2013**, having considered plaintiff's motion to amend (D.I. 12), defendant's opposition (D.I. 13), and the applicable law;

IT IS ORDERED that plaintiff's motion to amend the complaint is granted.  The amended complaint shall be filed on or before **April 1, 2013.**  Any response to the amended complaint shall be filed within the time period allowed after service under FED. R. CIV. P. 15(a)(3).

/s/ Mary Pat Thynge
UNITED STATES MAGISTRATE JUDGE